UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

RICHARD DEAN SAYLOR,            )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. CV606-055
                                )
JOHN TERWILLIGER, Warden, and   )
JAMES DONALD, Commissioner,     )
Georgia Department of Corrections, )
                                )
    Defendants.                 )

## REPORT AND RECOMMENDATION

The instant 28 U.S.C. § 2254 petition was filed by petitioner in this Court on May 30, 2006 challenging the revocation of his state probation by the Bulloch County Superior Court on December 20, 2005. Doc. 1. Respondent has filed a motion to dismiss the petition based on petitioner's failure to exhaust available state remedies. The Court recommends that respondent's motion to dismiss be GRANTED and that the petition be DISMISSED without prejudice for failure to exhaust.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case. Id. at 843. A state prisoner must afford the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845.

Here, petitioner concedes that he committed a "technical" violation of his state probation but contends that sentence imposed (detention for 240-300 days) was not "fair." Doc. 1 at 6. The respondent points out, however, that petitioner has neither filed a direct appeal nor a state habeas action challenging the probation revocation. Petitioner therefore has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. Accordingly, respondent's motion to dismiss the petition should be GRANTED and the instant petition should

be DISMISSED without prejudice for failure to exhaust state remedies, so that petitioner may pursue the appropriate remedies in state court.

**SO REPORTED AND RECOMMENDED** this 25th day of September, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA